IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


DIANA M. SUPERGAN                                                         PLAINTIFF

vs.                                    Civil No. 3:06-cv-03056

MICHAEL J. ASTRUE[1]                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Diana Supergan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  (Doc. No. 2).[2]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her application for DIB on January 30, 2003.  (Tr. 50-53).  In her

application, Plaintiff stated that she worked consistently for over sixteen (16) years prior to being

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner
Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

required to stop work for medical reasons.[3] (Tr. 73).  Plaintiff claimed in her application that she is disabled due to a back injury and a torn rotator cuff. (Tr. 59).  Plaintiff claims these injuries first began to bother her in 2000 (she did not specify a month), and she first became unable to work on May 15, 2002, her onset date.  *See id.*  At the administrative hearing, Plaintiff also claimed she is disabled due to her fibromyalgia, hip pain, foot pain, neck pain, shoulder pain, finger problems, irritable bowl syndrome, diabetes, and asthma. (Tr. 431-444).

Plaintiff's application was initially denied on April 22, 2003 and was denied again on reconsideration on September 17, 2003. (Tr. 30-33).  Plaintiff requested an administrative hearing which was held on October 22, 2004 in Harrison, Arkansas. (Tr. 418-455).  Plaintiff was present and was represented by counsel, Frederick S. Spencer, at this hearing.  *See id.*  Plaintiff, Joseph Supergan (Plaintiff's husband), and Sherry Simmons (Plaintiff's friend) testified at this hearing.  *See id.*

On October 22, 2004, the ALJ entered an unfavorable decision and denied Plaintiff's request for disability benefits. (Tr. 16-26).  In this opinion, the ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2004. (Tr. 16, Finding 1).  The ALJ found that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 16, Finding 2).  The ALJ found that, at the time of Plaintiff's alleged onset date, she was fifty-four (54) years old, which is closely approaching advanced age under 20 C.F.R. § 404.1563, had a high school equivalent education, and was able to communicate in English. (Tr. 24, Findings 7-8). The ALJ found that Plaintiff suffers from the severe impairments of degenerative disc

---

[3] Plaintiff's work history prior to 1980 was not included in the record.  (Tr. 73).  Therefore, the exact number of years Plaintiff worked without interruption is not included in the record.

disease in her thoracic spine, status-postoperative spinal instrumentation and fusion, status-postoperative right acromioclavicular degenerative joint disease and rotator cuff tear, left small rotator cuff tear with acromion (AC) joint arthrosis, fibromyalgia, status-postoperative bilateral carpal tunnel syndrome, "trigger fingers," diabetes mellitus, asthma, and depression.  (Tr. 16, Finding 3).  The ALJ, however, found that Plaintiff did not have an impairment or a combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 16, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints of pain and determined Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 21, Finding 6).  First, the ALJ evaluated Plaintiff's subjective complaints of pain pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), 20 C.F.R. §  404.1529 (2006), and Social Security Ruling ("SSR") 96-7p.  Based upon this evaluation, the ALJ determined that "the claimant's statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible," and the ALJ gave little weight to Plaintiff's subjective complaints.  (Tr. 22).  Second, the ALJ reviewed Plaintiff's medical history and other evidence in the record and determined Plaintiff's RFC.  (Tr. 21).  The ALJ determined Plaintiff retained the RFC to perform the following work:

> Lift and/or carry 15 pounds occasionally and 10 pounds frequently, stand and/or walk three hours in an eight-hour workday, stand and/or walk 45 minutes without interruption, sit six hours in an eight-hour workday and sit one hour without interruption. . . . the claimant can never climb, stoop, crouch, kneel, and crawl . . . she can only occasionally balance and . . . she cannot work above the shoulder level with her dominant arm. . . . while she has a more than satisfactory ability to understand, remember and carry out simple job instructions, her ability to maintain attention and concentration is more than satisfactory to limited, but satisfactory, and her ability to follow work rules, use judgment, function independently, understand, remember and carry out complex and detailed job instructions, maintain personal appearance and demonstrate reliability is limited, but satisfactory. . . . the claimant's ability to deal with the public, interact with supervisors, behave in an emotionally stable manner

and relate predictably in social situations is between limited, but satisfactory, and seriously limited, but not precluded, and . . . her ability to relate to coworkers and deal with work stresses is seriously limited but not precluded.

(Tr. 21, Finding 5).

Based upon this RFC determination, the ALJ concluded that Plaintiff could not perform her Past Relevant Work ("PRW") but could perform other jobs that exist in significant numbers in the national economy.  (Tr. 24-25, Findings 6, 10).  In order to make these determinations, the ALJ submitted written interrogatories to Tanya Rutherford Owen, a vocational rehabilitation counselor and vocational expert ("VE").  (Tr. 24, 140-143).  Ms. Owen responded to these interrogatories on September 19, 2005.  *See id.*  She found that Plaintiff's PRW included work as an assessor, a shipping order clerk, and an office clerk, all of which were semi-skilled and performed at a light exertional level. (Tr. 24).  She found that Plaintiff acquired transferrable work skills from her PRW, including numeral recording and record keeping transferable to check cashier, merchandising-sales transferrable to telemarketer, and information-giving transferable to information clerk, operator, and receptionist.  (Tr. 24-25, Finding 9).  She found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform  work as an interviewer (500 jobs in Arkansas and 39,000 jobs in the national economy), an assembler (1,000 jobs in Arkansas and 10,000 jobs in the national economy), and a "call out" operator (100 jobs in Arkansas and 11,000 jobs in the national economy).  Based upon these findings, the ALJ concluded that Plaintiff was not disabled.  (Tr. 26, Finding 11).

On November 6, 2006, the Appeals Council declined to review the ALJ's unfavorable

decision.[4]  (Tr. 3-6).  On September 8, 2006, Plaintiff filed the present appeal.  (Doc. No. 1).  The

case was referred to this Court on March 6, 2007.  Both Plaintiff and Defendant have filed appeal

briefs.  (Doc. Nos. 8-9).  This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any SGA.  *See Cox v. Apfel*, 160 F.3d 1203, 1206

---

[4] This was the second time the Appeals Council declined to review the ALJ's unfavorable decision in this case.  The Appeals Council had previously declined to review the ALJ's unfavorable decision on July 14, 2006.  (Tr. 7-9).  Then, in November 6, 2006, the Appeals Council noted that they were setting aside their earlier action–the July 14, 2006 denial–but, instead of reviewing the ALJ's unfavorable decision, they again decided to deny Plaintiff's request for review. (Tr. 3-6).

(8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether an adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. § 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

## 3. <u>Discussion:</u>

In the present action, Plaintiff has raised five points of error.  (Doc. No. 8, Pages 3-11).  Plaintiff claims the following: (1) the ALJ erred in finding that Plaintiff did not have a "severe" impairment as a result of her fibromyalgia, (2) the ALJ erred in finding that Plaintiff could perform her PRW, (3) the ALJ erred in failing to properly develop the record, (4) the ALJ's decision is not supported by substantial evidence, and (5) the ALJ erred by failing to evaluate the combined effect

of Plaintiff's impairments.  *See id.*  Because this Court finds that the ALJ's credibility determination

is not supported by substantial evidence in the record, this Court will only address Plaintiff's fourth

argument.[5]

Although Plaintiff has not specifically claimed that the ALJ erred in his credibility

determination, Plaintiff's fourth point of error in her appeal brief does raise the issue of whether the

ALJ's credibility determination is supported by substantial evidence.  (Doc. No. 8, Pages 9-10).

Plaintiff raises this issue by claiming that the ALJ's disability determination is not supported by

"relevant elements of proof."  *See id.*  One of these "relevant elements of proof" in a disability

determination is the ALJ's credibility determination.  If the ALJ's credibility determination is not

supported by substantial evidence, then his or her disability determination will also not be supported

by substantial evidence.  *See Ford v. Heckler,* 754 F.2d 792, 793-94 (8th Cir. 1985).  Because

Plaintiff has raised this issue, even though not explicitly, this Court will address the claim that the

ALJ's credibility determination is not supported by substantial evidence.[6]

Defendant has not directly responded to Plaintiff's fourth argument.  (Doc. No. 9, Page 9).

In its appeal brief, Defendant merely claims that the ALJ's disability determination is supported by

substantial evidence.  *See id.*  Specifically, Defendant states the following: "[t]he ALJ's March 27,

2006, decision documents that the ALJ considered the evidence of record, including the treatment

records and consultative examination reports (Tr. 18-24)."  *See id.*  Defendant, however, does not

explain how the ALJ's disability determination is supported by substantial evidence or what specific

---

[5] Although this opinion will only address Plaintiff's fourth argument, it is important to note that Plaintiff's
first and second arguments are without merit.  First, the ALJ *did find* that Plaintiff had a severe impairment as a
result of her fibromyalgia (Tr. 16, Finding 3), and second, the ALJ *did not find* that Plaintiff could perform her
PRW.  (Tr. 24, Finding 6).

[6] Even if Plaintiff had not raised this issue, this Court could still raise this issue *sua sponte*.  *See Battles v.
Shalala,* 36 F.3d 43, 45 n.2 (8th Cir. 1994).

evidence supports his determination.  *See id.*

### A. *Polaski* Standard

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  Furthermore, an ALJ's credibility determination is generally entitled to deference.  *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007).  As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

whether the pain a plaintiff experiences precludes the performance of substantial gainful activity. *See*

*Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

### B. *Polaski's* Application in the Present Action

In this case, the ALJ specially found that Plaintiff suffers from the severe impairment of

fibromyalgia.  (Tr. 18, Finding 3).  Plaintiff's medical records also indicate that she suffers from

fibromyalgia.[7]  (Tr. 149, 237, 413).  Fibromyalgia is a serious, often debilitating, impairment.  The

Eighth Circuit has "long recognized that fibromyalgia has the potential to be disabling" and has

found that fibromyalgia is a "chronic" disease, the diagnosis of which "is usually made after

eliminating other conditions, as there is no confirming diagnostic tests."  *See Forehand v. Barnhart,*

364 F.3d 984, 387 (8th Cir. 2004) (quoting  *Brosnahan v. Barnhart,* 336 F.3d 671, 672 n.1 (8th Cir.

2003)).   The Eighth Circuit has also held that, in a fibromyalgia case, the ALJ's disability

determination must be made based upon a "consideration of whether claimant can perform requisite

physical acts on daily basis in sometimes competitive and stressful conditions in the real world."

*Garza v. Barnhart,* 397 F.3d 1087, 1089 (8th Cir. 2005) (citing *Forehand,* 364 F.3d at 988).

The medical records indicate that Plaintiff suffers from extreme pain due to her fibromyalgia

and other physical limitations.  (Tr. 165, 174, 180-181, 193, 200, 208-209, 212, 223, 226, 387).

Plaintiff testified at the hearing that she suffers from constant, severe pain.  (Tr. 432-433).  Plaintiff's

husband, friends, and former co-workers have also stated that they have observed Plaintiff suffering

---

[7] Dr. Safwan Sakr, a rheumatologist, diagnosed Plaintiff with fibromyalgia in May of 2006.  (Tr. 413).
Plaintiff's last date insured was March of 2004.  Thus, Dr. Sakr's diagnosis was over *two years after* Plaintiff's date
last insured.  In general, a plaintiff must prove his or her disability based upon medical records or findings dated
*before* a plaintiff's date last insured.  *See Pyland v. Apfel,* 149 F.3d 873, 876-77 (8th Cir. 1998).  Records dated after
a plaintiff's date last insured can, however, be relevant "to elucidate a medical condition during the time for which
benefits might be awarded." *Id.* at 877.  This Court will use Dr. Sakr's report for that purpose.  Furthermore, this
Court notes that the dispute over whether to consider Dr. Sakr's report because of its timing is largely irrelevant
because *even the ALJ* found that Plaintiff suffers from the severe impairment of fibromyalgia, and this Court will
defer to that determination.

from severe and debilitating pain. (Tr. 128-130, 449-455). At the hearing, Plaintiff also claimed that she could not continue to work on a full-time basis due her fibromyalgia and other physical limitations and because her pain was so severe and debilitating. (Tr. 424-425). She claims that she has to miss too many days of work and cannot perform her work consistently. *See id.*

The ALJ discounted Plaintiff subjective complaints of severe pain due to her fibromyalgia.[8] (Tr. 22). The ALJ based this determination upon two findings. *See id.* First, he based his determination on the fact that "there is no evidence that the claimant has seen a specialist for this impairment during the period in question." *See id.* Second, he based this determination upon the fact that Plaintiff has not been on "significant amounts of pain medication." *See id.* Specifically, the ALJ noted that Plaintiff "takes only Trazodone and Cyclobenzaprine (one tablet daily) for fibromyalgia." *See id.*

The ALJ is correct in his first finding. Based upon this Court's review of the record, Plaintiff did not have a rheumatologist examine her during the relevant time period (from the onset date of 2002 until the date last insured of 2004). The record, however, also indicates that Plaintiff was examined by several different physicians during the relevant time period, and the record indicates that none of those doctors recommended or referred Plaintiff to a rheumatologist during that time period. (Tr. 146-376). Plaintiff was being treated by those doctors for her fibromyalgia, was being proscribed medication to treat her fibromyalgia (Tr. 237), and did not appear to need to be examined or treated by a rheumatologist. Plaintiff should not have been expected to be examined by a

---

[8] The ALJ also discounted Plaintiff's subjective complaints of thoracic back pain, diabetes mellitus, shoulder pain, and finger pain. (Tr. 22-24). The ALJ discounted Plaintiff's subjective complaints almost entirely based upon inconsistencies in Plaintiff's medical records, which is not permitted under *Polaski*. 739 F.2d at 1322 (noting that the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). To the extent the ALJ did properly discuss any of the *Polaski* factors, this Court analyzes those factors below.

rheumatologist without a referral or a recommendation when she was already being treated for her fibromyalgia by other doctors.  Thus, the ALJ should not have discounted Plaintiff's subjective complaints of pain from her fibromyalgia based upon this first finding.  The ALJ is also correct in his second finding.  In her disability application, Plaintiff only reported taking Trazodone[9] and Cyclobenzaprine[10] for her fibromyalgia.  (Tr. 113, 131).  The ALJ, however, did not provide any basis in his opinion to support his claim that these medication are not "significant amounts of pain medication" or that these drugs are not sufficiently potent to treat a serious physical impairment, such as fibromyalgia.  (Tr. 22).  Thus, the ALJ should not have discounted Plaintiff's subjective complaints of pain based upon this second finding.

The ALJ also discounted Plaintiff's allegations of disabling pain due to her fibromyalgia based upon her daily activities.[11]  The ALJ noted that Plaintiff "drives . . . goes to church . . . cooks, exercises . . . cares for her personal grooming needs . . . participates in organizations and volunteer activities, plays cards/games, visits friends and relatives . . . talks to neighbors. . . visits residents in a nearby nursing home . . . can sit for two and a half hours, stand one hour and walk 45 minutes." (Tr. 23).  Plaintiff does not dispute the fact that she can perform these daily activities.  (Doc. No. 8).  However, Plaintiff does not perform these activities "on [a] daily basis in sometimes competitive and stressful conditions in the real world."  *Garza v. Barnhart,* 397 F.3d 1087, 1089 (8th Cir. 2005) (citing *Forehand,* 364 F.3d at 988).  Instead, Plaintiff has been performing the activities listed above

---

[9] A type of antidepressant.  *The Merck Manual of Diagnosis and Therapy* (18th Ed.) 1709 (Mark Beers, ed., Merck Research Laboratories 2006) (1899).

[10] A type of muscle relaxant.  *See id.* at 2539.

[11] This first *Polaski* factor–Plaintiff's daily activities–is one of the two *Polaski* factors that the ALJ discussed in his opinion in this case.  The other factor discussed by the ALJ was Plaintiff's medication, Trazodone and Cyclobenzaprine.  (Tr. 22).

while unemployed and in a much more relaxed, less stressful environment (Tr. 106-127), and the

ALJ should not have discounted Plaintiff's subjective complaints based upon these daily activities.

*See Garza,* 397 F.3d at 1089.

Because this Court finds the ALJ improperly discounted Plaintiff's subjective complaints of

pain, this case should be reversed and remanded to the ALJ.  On remand, the ALJ is directed to re-

evaluate Plaintiff's subjective complaints of pain pursuant to the factors in *Polaski.* This Court also

notes that Plaintiff's medical records appear to be complete.  The relevant time period for the present

action is from May of 2002 (her alleged onset date) to March of 2004 (her date last insured), and the

record appears to include all of Plaintiff's medical records during those dates.  If the ALJ finds that

any additional medical records are needed or should be considered, he or she should include those

in the record.

## 4. Conclusion:

Based upon the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not

supported by substantial evidence, and should be reversed.  This matter should be remanded to the

Commissioner for further action consistent with this opinion.

ENTERED this **2nd day of August, 2007.**


                                        /s/   Barry A. Bryant
                                        Honorable Barry A. Bryant
                                        United States Magistrate Judge